**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 14a0022n.06

No. 13-1475

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jan 15, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| BRADLEY MICHAEL GUSTAFSON, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| COMMISSIONER OF SOCIAL SECURITY, | ) | MICHIGAN |
| | ) | |
| Defendant-Appellee. | ) | |

BEFORE: SUHRHEINRICH, SILER, and KETHLEDGE, Circuit Judges.

PER CURIAM. Bradley Michael Gustafson appeals the district court's judgment affirming the decision that Gustafson was no longer entitled to disability insurance benefits.

In 2001, the Social Security Administration (SSA) determined that, as of January 1, 1999, Gustafson was disabled and entitled to disability insurance benefits. In 2007, the SSA determined that Gustafson was no longer disabled and that, as a result, he was no longer entitled to benefits. Gustafson sought a hearing before an administrative law judge (ALJ). The ALJ determined that, as of February 1, 2007, Gustafson was no longer disabled. The Appeals Council affirmed the ALJ's decision, and the district court affirmed the decision of the Appeals Council.

On appeal, Gustafson raises the following arguments: (1) the ALJ failed to identify his functional capacity at the time of the previous disability determination and failed to properly consider the evidence underlying that determination; (2) the ALJ erred by concluding that he did not meet the regulatory listing for mental retardation; (3) the ALJ erred by discounting his

testimony and the testimony of his father; and (4) the ALJ erred by giving little weight to his vocational and medical evidence.

"Our review of the ALJ's decision is limited to whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). "The substantial-evidence standard is met if a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Id.* at 406 (internal quotation marks omitted). "We give de novo review to the district court's conclusions on each issue." *Id.*

Gustafson first argues that the ALJ failed to identify his functional capacity at the time of the previous disability determination and failed to properly consider the evidence underlying that determination. The record, however, does not support Gustafson's contention. The ALJ explicitly discussed the severity of Gustafson's impairments and his functional limitations at the time of the prior disability determination and explained that more recent evidence demonstrated medical improvement that increased Gustafson's ability to perform work-related functions.

Gustafson next argues that the ALJ erred by concluding that he did not meet the regulatory listing for mental retardation. To meet the listing, Gustafson must demonstrate "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period" and either mental incapacity, an IQ score of 59 or less, or an IQ score of 60 to 70 with other specified impairments. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.05; *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001). Substantial evidence supported the ALJ's finding that Gustafson did not meet the listing in § 12.05, given that many of Gustafson's IQ scores, including the only scores from after his medical improvement date, were above 70 and that his daily activities and social abilities did not

demonstrate deficits in adaptive functioning. *See West v. Comm'r of Soc. Sec. Admin.*, 240 F. App'x 692, 698 (6th Cir. 2007). In addition, the ALJ's finding was supported by the opinions of two reviewing psychologists, who concluded that Gustafson did not meet the regulatory listing for mental retardation.

Gustafson next argues that the ALJ erred by discounting his testimony and the testimony of his father concerning Gustafson's inability to work and by giving little weight to the opinions of Dr. Douglas Bentley, a psychologist, and Katherine Gute, a social worker, who both concluded that it would be difficult for Gustafson to sustain productive employment. We accord great weight and deference to an ALJ's credibility findings, but such findings must be supported by substantial evidence. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997).

The ALJ reasonably discounted the testimony of Gustafson and his father on the basis that it conflicted with other substantial evidence in the record, which included Gustafson's significant daily activities, the findings of Dr. Hugh Bray, a psychologist who evaluated Gustafson in 2007, that Gustafson's responses were within normal limits, the conclusions of the reviewing psychologists and psychiatrist that Gustafson did not have serious work-related limitations, and the fact that Gustafson had not had the same problems with anger, impulsivity, and interpersonal relationships that he had near the time of the prior disability determination. Likewise, substantial evidence supported the ALJ's decision to give little weight to the opinions of Dr. Bentley and Ms. Gute because their conclusions conflicted with both the results of intelligence and personality testing conducted by Bentley and other significant evidence in the record. *See* 20 C.F.R. § 404.1527.

Finally, Gustafson waived his remaining arguments by failing to properly raise them in the district court. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534-35 (6th Cir. 2001).

Accordingly, we affirm the district court's judgment.